UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA DUANE BARNES, <br> TDCJ #1546645, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | SA-17-CV-01071-XR |
| RONALD GIVENS, Senior Warden, <br> Connally Unit, ET AL. | § <br> § <br> § <br> § | |
| Defendants. | § | |

ORDER OF DISMISSAL

Before the Court is Plaintiff Joshua Duane Barnes's ("Barnes") Amended Civil Rights Complaint and the Supplement thereto filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 39, 40). Upon consideration of the Amended Complaint and the Supplement, the Court finds some of Barnes's claims are moot, and therefore orders the section 1983 claims against the following Defendants **DISMISSED**: Ronald Givens, Senior Warden, Connally Unit; Frank Stengel, Assistant Warden, Connally Unit; Marcus Robinson, Major, Connally Unit; Miguel Martinez, TDCJ Region IV Director; Kathryn Gaitan, TDCJ Region IV Assistant Director; and Amber Jenkins, Mailroom Supervisor, Connally Unit (hereafter "the Connally Unit Defendants").

BACKGROUND

Barnes is serving sentences imposed by Texas state courts for the offenses of aggravated assault, burglary of a habitation, tampering with evidence, and escape. (ECF No 27). At the time he filed his original Complaint, Barnes was confined in the Connally Unit in Kenedy, Texas. (ECF No. 1). According to the Complaint, Barnes received a Security Precaution Designator (SPD) based on three prior escape convictions. (ECF No. 1, Exhibit 1). Barnes claimed that as a result of the SPD Code, the defendants placed him in administrative segregation with "cell

rotation." (ECF No. 1). Barnes claims he remained in administrative segregation continuously from 2008 until the filing of his original Complaint on October 19, 2017. (*Id.*). The "cell rotation" required him to change cells every three to seven days, which: (1) threatened his mental and physical health due to the condition of the cells, (2) put him at greater risk of harm from other inmates who suspected he was an informant, and (3) interfered with his ability to receive mail. (*Id.*). Based on his placement and the alleged resulting issues, Barnes filed a section 1983 Complaint against the Connally Unit Defendants and Bryan Collier, TDCJ Executive Director. Suit was brought against those Defendants in their official, as opposed to individual, capacities. (*Id.*). Other than costs and attorney's fees, Barnes sought only declaratory and injunctive relief. (*Id.*).

The Court dismissed Barnes's Complaint for failure to state a non-frivolous claim. (ECF No. 5). The Court found a prison classification decision is "not subject to due process challenge unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (*Id.*) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court concluded there was nothing in the record showing such hardship as to warrant a constitutional claim. (*Id.*). Upon appeal, however, the Fifth Circuit vacated the Court's judgment, remanding for further proceedings. (ECF No. 16); *Barnes v. Givens*, 746 Fed. App'x 401, 402–03 (5th Cir. 2018). It its opinion, the Fifth Circuit held the Court failed to: (1) analyze the alleged severity and duration of the alleged restrictive conditions as required by *Wilkerson v. Goodwin*, 774 F.3d 845, 854–55 (5th Cir. 2014); (2) address Barnes's First Amendment claim involving interference with his mail; and (3) address Barnes's Eighth Amendment claim involving the condition of his various cells. *Barnes*, 746 Fed. App'x at 402.

On remand, the Court ordered Barnes to provide a more definite statement of his claims, which he did. (ECF Nos. 17, 19). Thereafter, all defendants were served and filed a motion to dismiss. (ECF No. 22). The Connally Unit Defendants argued the claims against them should be dismissed because they lacked authority to create policies for TDCJ; all of the defendants, including Collier, claimed they lacked authority to change custodial classification. (*Id.*). Additionally, all of the defendants claimed immunity under the Eleventh Amendment and further asserted any of Barnes's claims prior to October 19, 2015, were barred by the two–year statute of limitations. (*Id.*).

After reviewing Barnes's claims and the motion to dismiss, the Court rejected the defendants' defenses based on lack of authority and limitations. (ECF No. 27). However, with regard to Eleventh Amendment immunity, the Court found that although the exception set out in *Ex parte Young*, 209 U.S. 123 (1908), which permits suits for prospective relief against state officials, would generally vest the Court with subject matter jurisdiction with regard to Barnes's claims for injunctive and declaratory relief, the exception was inapplicable here because Barnes had been moved from the Connally Unit to the Telford Unit in New Boston, Texas. (ECF Nos. 25, 27). The Court reasoned that because Barnes was no longer housed at the Connally Unit, "there is likely no continuing violation of [his] constitutional rights," meaning a dismissal pursuant to the Eleventh Amendment's jurisdictional bar is appropriate because prospective relief under the *Younger* exception is seemingly no longer available. (ECF Nos. 25, 27).

Despite the foregoing, the Court recognized the possibility that the constitutional violations might continue at the Telford Unit. (ECF No. 27). Accordingly, the Court granted Barnes "leave to file a motion to alter or amend the judgment and submit an amended complaint if he remains in administrative segregation with cell rotation at the Telford Unit." (*Id.*). Thereafter,

Barnes timely filed a "Motion to Alter or Amend Judgment and Request for Leave to Amend Complaint," which the Court granted on December 2, 2019. (ECF Nos. 29, 30); *see* FED. R. CIV. P. 59. In the Order granting the motion, the Court ordered Barnes to file an amended complaint, which he ultimately did on March 25, 2020, followed by a Supplement on April 2, 2020. (ECF Nos. 39, 40).[1]

In his Amended Complaint, Barnes maintained his claims against the Connally Unit Defendants and Executive Director Collier but added claims against individuals connected to the Telford Unit, the unit to which he was transferred after he originally filed suit. (ECF No. 39). Specifically, Barnes added the following individuals as Defendants in this matter: Balden Polk, Senior Warden, Telford Unit; Ralston Marshall, Assistant Warden in Charge of Administrative Segregation, Telford Unit; Jimmy Sisson, Major in Charge of Administrative Segregation, Telford Unit; Matt Barber, TDCJ Region II Director; John Doe, TDCJ Region II Assistant Director; and Stephanie Arnold, Mailroom Supervisor, Telford Unit (hereafter "the Telford Unit Defendants"). (*Id.*). Neither the basic substance of Barnes's claims nor the relief requested changed with the filing of his Amended Complaint. (*Id.*).

The Court has reviewed Barnes's Amended Complaint. (ECF No. 39). Given his allegations, requests for relief, and transfer to the Telford Unit, the Court finds his claims against the Connally Unit Defendants are moot, which requires this Court to dismiss the claims against the Connally Unit Defendants. The dismissal is without prejudice.

---

[1] The Supplement is merely the section 1983 complaint form completed by Barnes, which contains a partial list of defendants and a brief overview of his claims. (ECF No. 40). The substance of Barnes's claims is contained solely within the Amended Complaint. (ECF Nos. 39, 40).

## APPLICABLE LAW

Federal courts are without power to decide questions that cannot affect the rights of the litigant in the case before them. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). The judicially derived mootness doctrine is premised on the foregoing fundamental jurisdictional tenet, i.e., federal courts are empowered to hear only live cases and controversies. U.S. CONST. art. III, section 2; *DeFunis*, 416 U.S. at 316. Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). The mootness doctrine avoids advisory opinions on abstract propositions of law. *Hall v. Beals*, 396 U.S. 45, 48 (1969).

This Court is obliged to raise the issue of mootness *sua sponte. Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir.1987). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Rocky v. King*, 900 F.2d 864, 867 (5th Cir.1990). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and internal quotation marks omitted); *see also National Football League Players Ass'n v. National Football League*, 874 F.3d 222, 225 (5th Cir. 2017) ("When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate the case.").

The Fifth Circuit has consistently recognized that where an inmate challenges conditions of confinement at a particular prison facility, the transfer of the inmate out of that facility generally renders any claims for injunctive or declaratory relief moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive

5

relief moot); *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (holding that prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after he was transferred to another correctional facility and only remedy he sought was a transfer); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there).

There is an exception to the mootness doctrine for a controversy that is "capable of repetition, yet evading review." *United States v. Sanchez–Gomez*, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks and citation omitted). To fit within this exception, an inmate who has been transferred out of a particular facility that he has taken issue with "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [that facility] or released and reincarcerated there." *Oliver*, 276 F.3d at 741 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam)); *see also Sanchez-Gomez*, 138 S. Ct. at 1540 (requiring "reasonable expectation that the same complaining party will be subjected to the same action again").

## ANALYSIS

In his Amended Complaint, other than costs and attorney's fees, Barnes requested only declaratory and injunctive relief:

> A. Issue a delcaratory [sic] judgment stating that the acts and omissions of the Defendants have violated the Plaintiff's rights under the First, Eighth, and Fourteenth Amendhents [sic] the U.S. Constitution, and stating the Defendants, duties [sic] with respect to those rights.

> B. Issuing [sic] an injunction ordering the Defendants to:
>
> 1. Formulate and provide inmates access to an official policy with regard to this unofficial classification status and any other similar status, by whatever names they may be known. This policy should establish a fair and meaningful review procedure for initial placement, and periodic reviews for removal from the status, providing written reasons for any decisions. This policy should also list the specific criteria which might lead to placement on the status, and describe the criteria an inmate must meet to be removed from the status. Furthermore, this policy should establish a uniform implementation of specific practices associated with the status, and it should ensure that none of these practices either violate constitutional standards in themselves or lead to indirect results which violate constitutional standards.
>
> 2. Immediately provide plaintiff Barnes with a fair and meaningful review hearing for removal from "cell rotation" or "high profile" status and if the decision is to maintain the Plaintiff on this status, provide specific written reasons for the decision.

(ECF No. 39). In his Amended Complaint, Barnes sought the foregoing relief against all Defendants, including the Connally Unit Defendants. (*Id.*).

As stated above, after filing his original Complaint, Barnes was transferred from the Connally Unit to the Telford Unit. Because he has been transferred to the Telford Unit, he is no longer subject to the complained of conditions of confinement at the Connally Unit, where he formerly resided. The Connally Unit Defendants cannot provide Barnes with the requested declaratory and injunctive relief. Thus, because Barnes has sought only injunctive and declaratory relief for his claims against the Connally Unit Defendants, such claims are subject to dismissal for want of jurisdiction without prejudice based on the mootness doctrine. *See, e.g., Herman*, 238 F.3d at 665; *Cooper*, 929 F.2d at 1084; *Hernandez*, 916 F.2d at 293; *Beck*, 842 F.2d at 762.

There is nothing to suggest there is any likelihood that Barnes will be returned to the Connally Unit. And any suggestion of relief based on the possibility of transfer back to the

Connally Unit is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)). Moreover, any argument that Barnes's section 1983 claims against the Connally Unit Defendants are not moot because there are many other inmates housed at the Connally Unit who are still being subjected to the allegedly unconstitutional conditions of confinement is insufficient to establish the "capable of repetition, yet evading review" exception applies. *See Sanchez–Gomez*, 138 S. Ct. at 1540 (explaining that "the 'mere presence of ... allegations' that might, if resolved in [the plaintiffs'] favor, benefit other similarly situated individuals cannot 'save [the plaintiffs'] suit from mootness once the[ir] individual claim[s]' have dissipated") (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013)); *see also Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.") (citations and internal quotation marks omitted).

Additionally, to the extent Barnes is attempting to assert his claims against the Connally Unit Defendants on behalf of other inmates still housed in the Connally Unit and subject to the complained–of conditions, the Court finds he lacks standing to do so. Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *see Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."); *Kennedy v. Dallas Police Dep't*, No. 3:06-CV-0716-G, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (recognizing that plaintiff may bring Section 1983 action only for deprivations he suffered).

Moreover, Barnes may not act as counsel for other TDCJ inmates. *See, e.g.*, *Bonilla v. Cobb*, No. CV 19-1028, 2019 WL 6592593, at *9 (W.D. La. Nov. 18, 2019), *report and recommendation adopted*, No. CV 19-1028, 2019 WL 6598408 (W.D. La. Dec. 4, 2019); *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, No. 3-09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) (holding that "individuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non–lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308–09 (2d Cir. 1991) (reviewing authority)).

## CONCLUSION

Based on the analysis set out above, the Court finds Barnes's claims against the Connally Unit Defendants are moot and must be dismissed for lack of subject matter jurisdiction without prejudice. *See* FED. R. CIV. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). His transfer from the Connally Unit to the Telford Unit mooted his claims against the Connally Unit Defendants given he sought only declaratory and injunctive relief. The possibility that Barnes might be transferred back to the Connally Unit is too speculative to warrant relief. Moreover, any possible benefit to inmates still house in the Connally Unit cannot rescue Barnes's claims against the Connally Unit Defendants from mootness based on the "capable of repetition, yet evading review" exception. Finally, Barnes lacks standing to represent inmates who still reside in the Connally Unit and might be subject to the allegedly unconstitutional conditions he complaints about in this section 1983 action.

The dismissal of the section 1983 claims against the Connally Unit Defendants pursuant to

9

this Order of Dismissal does not affect Barnes's section 1983 claims against Executive Director Collier or the Telford Defendants. Barnes's claims against Executive Director Collier and the Telford Defendants remain pending.

**IT IS THEREFORE ORDERED** that Barnes's section 1983 claims asserted in his Amended Complaint and Supplement (ECF Nos. 39, 40) against the Connally Unit Defendants — Ronald Givens, Senior Warden, Connally Unit; Frank Stengel, Assistant Warden, Connally Unit; Marcus Robinson, Major, Connally Unit; Miguel Martinez, TDCJ Region IV Director; Kathryn Gaitan, TDCJ Region IV Assistant Director; and Amber Jenkins, Mailroom Supervisor, Connally Unit — are **DISMISSED FOR WANT OF JURISDICTION WITHOUT PREJUDICE**.

SIGNED this 22nd day of April, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE